Learned, P. J.
This is an action brought to set aside a deed of a farm, alleged to have been executed by Peter Purqua, since deceased, to Joseph M. and James, two of his sons. The plaintiffs are brothers and sisters of these two defendants; and they seek to set aside the deed on the ground of fraud, etc.
The action came on for trial at a circuit, and the following questions were submitted to the jury:
Was Peter Purqua at the time, etc., of sound mind and memory ?
Was said deed obtained by the fraud or undue influence of Joseph M. Purqua and James Purqua or either of them ?
Was there any other or further consideration for said deed than the two dollars named in said deed ?
Was said deed ever delivered by the grantor to the grantees ?
Did said Peter Purqua, at the time of the signing, etc., fully know and understand the tenor, contents and effect of the deed ?
The jury answered the second question in the affirmative; all the others in the negative.
The learned justice then, on evidence, found the foregoing facts in the same manner, and found additional facts (which were really undisputed matters needed to *636 present the case), and rendered a decision that the deed was fraudulent and void and that the plaintiffs should recover.
A motion for a new trial was made and denied and judgment was thereupon entered. The defendants appealed from said judgment.
The only question raised on the appeal is as to the exclusion of certain evidence by the justice on the trial before the jury. The evidence was that of the defendants Joseph M. and James themselves; and was excluded under section 829 of the Code. The defendants' claim that if admitted, the evidence would have tended to" show a delivery of the deed by the grantor to the grantees. That was the only effect which the evidence could have had. It was only evidence that the deed was in the possession of the grantees at a certain time.
Now it seems to us unnecessary to decide the question as to the admissibility of this evidence. We may assume that the deed was delivered. Notwithstanding this the jury and the court have found that the grantor was not of sound mind and memory; that the deed was obtained by fraud or undue influence of the grantees; that there was no consideration except the two dollars, and that the grantor did not understand the tenor, contents or effect of the deed, at the time it was executed. These findings are not attacked. Nothing is said or shown to the effect that these findings are not fully justified. The alleged improper evidence did not touch any of these findings. Indeed, the finding that the deed was obtained by fraud, etc., implies that there was a manual delivery by the grantor. So that the finding that the deed was not delivered, must mean that there was no legal delivery, because the grantor was of unsound mind and the grantees procured the deed by fraud.
And the evidence offered tended only to show an actual possession of the deed by the grantees; which manual possession is (as above shown), practically found by the jury and by the court. And in fact the complaint alleges the possession of such deed by the grantees; but charges it as wrongful. So that the mere possession by these grantees of the deed (and that was what the evidence would have tended to show), was a fact alleged by the plaintiffs as a part of their case.
It is evident, therefore, that the exclusion of the evidence could have worked no harm to the defendants, and that if it had been admitted, it could not have changed the result.
The judgment, therefore, should be affirmed, with costs.
Lardón and Williams, JJ., concur.